IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD A. ADAMS                                                                                    PLAINTIFF

v.                            Civil No. 10-5044

LIBERTY DISCOUNT                                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Richard A. Adams, filed this action on May 3, 2010. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for a determination of whether service of process should issue.

### BACKGROUND

Because the original complaint did not allege any basis for federal court jurisdiction, an order was entered on March 3, 2010 (Doc. 3), directing Plaintiff to file an amended complaint. On March 12, 2010, Plaintiff, as directed by the Court, filed an amended complaint (Doc. 4). In the amended complaint, Plaintiff maintains the Defendant, Liberty Discount, violated the provisions of 18 U.S.C. § 1028 and 18 U.S.C. § 1028A when, on or about February 16, 2010, it used a check printer and/or a check printing program, and, with intent to defraud, printed a check containing Plaintiff's address, telephone number, social security number, and his personal bank account number. Plaintiff asked for an award of compensatory and punitive damages in the amount of $45,014,034.

On March 25, 2010, an order (Doc. 5) was entered asking Plaintiff to complete a questionnaire. His response to the questionnaire was to be filed as an addendum to the complaint. Plaintiff filed his addendum to the complaint on April 12, 2010 (Doc. 6).

In the addendum, Plaintiff indicates Liberty Discount Club deducted a total amount of $29.91 from his account on or about February 16, 2010. As a result of this deduction, Plaintiff was assessed overdraft charges by his bank, Citibank Federal Savings Bank, in the amount of $34. Plaintiff indicates the bank also assessed another overdraft charge as a result of a check he had written. Thus,

Plaintiff maintains Defendant's check deduction brought his account to $97.91 in the red. Citibank has now taken the fraudulent check and overdraft charges off his account.

Plaintiff asserts he suffered greatly as a result of Defendant's action. He also states he was unable to work on preparing his equipment for use at his job, Lawn Care Plus. He estimate his losses at $14,000. He additionally requests an award of punitive damages in the amount of $45,014,034 for the "heinous acts" of Defendant.

On May 26, 2010, an order was entered (Doc. 7) giving Plaintiff until June 14, 2010, to file an amended complaint alleging the citizenship of each member of Liberty Discount, LLC. Plaintiff has not responded to the order (Doc. 7) or requested an extension of time to comply with the order.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)) (alteration in original)).

Sections §§ 1028 and 1028A are criminal statutes. 18 U.S.C. § 1028; 18 U.S.C. § 1028A. Section 1028 makes it unlawful for a person to knowingly, and without lawful authority, possess, transfer, use, or traffic in identification documents. Section 1028A covers aggravated identity theft and makes it unlawful for a person to use an identification document in connection with the

commission of a felony. An identification document is defined as "a document made or issued by or under the authority of the United States Government, a State, political division of a State, foreign government, political subdivision of a foreign government, an international governmental or an international quasi-government organization which, when completed with information about a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals." 18 U.S.C. § 1028(d)(3).

There is no private cause of action created by these criminal statutes. *See e.g., Watson v. United States*, No. C-07-326, 2009 WL 2601254 (S.D. Tex. August 24, 2009)(no private cause of action under § 1028); *Garay v. U.S. Bancorp,* 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004)(same). Moreover, a private citizen cannot institute a criminal action. *See Diamond v. Charles,* 476 U.S. 54, 64-65; *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Plaintiff also maintains diversity of citizenship exists because he is a citizen of Arkansas and Liberty Discount is a citizen of Arizona. Diversity of citizenship under 28 U.S.C. § 1332 exists if there is complete diversity of citizenship and the amount in controversy is more than $75,000. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1172 (8th Cir. 2008).

Plaintiff has indicated he found an address for Liberty Discount in Scottsdale, Arizona, through the Better Business Bureau. The address in Scottsdale is what Plaintiff bases his assertion on that Liberty Discount is a citizen of Arizona. The site he used is http://central-northern-western-arizona.bbb.org. This site indicates Liberty Discount is a limited liability company (LLC).

"An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Plaintiff must allege the citizenship of each member of Liberty Discount, LLC, at the time the

complaint was filed. *Id.* Plaintiff has not complied with the order (Doc. 7) giving him until June 14, 2010, to file an amended complaint alleging the citizenship of each member of Liberty Discount, LLC. Without knowing the citizenship of each of the members of Liberty Discount, the Court has no way of determining whether diversity of citizenship exists. No other basis for federal court jurisdiction exists in this case.

## CONCLUSION

For the reasons stated, I recommend that the complaint be dismissed prior to service of process based on Plaintiff's failure to comply with the order of the Court. Fed. R. Civ. P. 41(b). Further, the complaint should be dismissed as no basis for federal court jurisdiction is stated in the complaint. 28 U.S.C. § 1915(e)(2)(b)(requirement that the Court screen *in forma pauperis* complaints to determine if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a Defendant who is immune from suit).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of June 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)